IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01507-CMA-CBS

BRADFORD JOHN CONDE BILLINGER,
    Plaintiff,
v.

JOHN DOE AND JANE DOE NUMBERS 01-36, individual capacity,
PEARL CHANG, individual capacity,
BURT RIZZO, individual capacity,
MARK PHILLIPS, individual capacity,
RODGER PITCAIRN, individual capacity,
MICHAEL AYTES, individual capacity,
ANDREW PERRY, individual capacity,
TOM PAAR, individual capacity,
EVY SAHLI, individual capacity,
EFREN HERNANDEZ, individual capacity,
TINA WILLIAMS, individual capacity,
STEPHEN DEAN, individual capacity,
DAVE MITCHELL, individual capacity,
CRAIG BAGEMIHL, individual capacity,
CITY OF LAS VEGAS, NEVADA,
EDWARD BUTLER, individual capacity,
    Defendants.

## ORDER

Magistrate Judge Craig B. Shaffer

      This civil action comes before the court on Plaintiff's Complaint (filed June 11, 2012) (Doc. # 1). By the Order of Reference dated June 19, 2012, this civil action was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). (See Doc. # 3). The court incorporates by reference the discussion it had with Plaintiff at the Status Conference held on August 7, 2012. The court having reviewed the pleadings, the entire case file, and the applicable law and being sufficiently advised in the premises, the Complaint is STRICKEN and Plaintiff is directed to submit an Amended Complaint that complies with the Federal Rules of Civil Procedure, the Local Rules of

Practice for the United States District Court for the District of Colorado, and this Order.

Fed. R. Civ. P. 8(a) states that a complaint shall contain "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading requirement is intended to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (internal quotation marks and citation omitted). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

"[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). *See also Blinder & Robinson Co. v. SEC*, 748 F.2d 1415, 1419 (10th Cir. 1984) ("a plaintiff must state a compensable claim for relief that details the facts forming the basis for the claim"). The information provided by the pleader must be adequate to set forth the basis of his claim "as distinguished from a bare averment that he wants relief and is entitled to it." *See* 5 *Federal Practice and Procedure* Civ. 3d § 1215. When a complaint does not comply with Rule 8, the district court has the authority to dismiss the complaint. *See Nasious*, 492 F.3d at 1161 ("a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure"); *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992) ("A dismissal without prejudice under Rule 8 is within the sound discretion of the trial court.")

(citations omitted).

Plaintiff is proceeding *pro se*.  Although the court must liberally construe the pleadings of a *pro se* plaintiff, *Haines v. Kerner*, 104 U.S. 519, 520-21 (1972), it cannot act as his advocate, and the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure and the Local Rules of this court.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Complaint suffers from many deficiencies.  It is not submitted on the court's standard complaint form. "A pro se party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A.  Plaintiff alleges "a fourteen year extortion scheme" that commenced in 1998 and events that occurred in Colorado, Ohio, Washington, D.C., Chicago, Illinois, and Las Vegas, Nevada.  (*See id.* at 45 of 70; *see also id., generally*).  The Complaint consists of 70 pages, alleges 17 purported "Counts," and names 51 Defendants, including 36 "Doe" Defendants.  There is no provision in the Federal Rules of Civil Procedure for the naming of fictitious or anonymous parties in a lawsuit.  *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984);  *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982).  To the contrary, the Federal Rules provide that "[t]he title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a).

The Complaint does not provide sufficient notice to each of the Defendants of the factual grounds for specific claims.  The Complaint sets forth caselaw without any factual context.  The Complaint is no more than a lengthy and rambling barrage of conclusory allegations.  *See 5 Federal Practice and Procedure Civ. 3d* § 1281("[u]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage").  Plaintiff does not clearly state the legal bases for each of his claims, the actions or inactions of each

Defendant, or how those actions or inactions violate the law.  Plaintiff's accusations and conclusory assertions of legal violations do not clarify the substance of the Complaint or satisfy the pleading requirements set forth in the Federal Rules of Civil Procedure.  *See Green v. Com. of Massachusetts*, 108 F.R.D. 217, 218 (D. Mass. 1985) (finding that dismissal is appropriate for "complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim").  Plaintiff seeks, among other relief, $2,790,000.00 in future earnings without a factual or legal basis for such an amount of damages.  (*See* Doc. # 1 at 70 of 70).

In sum, the Complaint in its present form may properly be stricken.  Plaintiff will be afforded an opportunity to submit an amended complaint which complies with the Federal Rules of Civil Procedure, the Local Rules of this court, and this Order.  The Amended Complaint must be submitted on the court's form and shall be titled "Amended Complaint." The Defendants shall be clearly identified. The background statement shall briefly summarize Plaintiff's case.  Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants.  The Complaint shall not contain conclusory allegations.

Accordingly, IT IS ORDERED that:

1.  The Complaint (Doc. # 1) is STRICKEN for failure to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the District of Colorado.

2.  Plaintiff shall have until Wednesday, August 29, 2012, to submit an Amended Complaint which complies with the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, and this Order.

3. Plaintiff's failure to comply with this Order may result in a Recommendation to District Judge Arguello that this civil action be dismissed.

4. Enclosed with Plaintiff's copy of this Order is a copy of the court's complaint form.

5. In light of the striking of the Complaint, the Motion to Dismiss filed by Defendants John Doe Number 27 and John Doe Number 28 on August 6, 2012 (Doc. # 20) is denied as moot without prejudice to refiling as appropriate.

DATED at Denver, Colorado, this 8th day of August, 2012.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge