IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01507-CMA-CBS

BRADFORD JOHN CONDE BILLINGER,
    Plaintiff,
v.

JOHN DOE AND JANE DOE NUMBERS 01-36, individual capacity,
PEARL CHANG, individual capacity,
BURT RIZZO, individual capacity,
MARK PHILLIPS, individual capacity,
RODGER PITCAIRN, individual capacity,
MICHAEL AYTES, individual capacity,
ANDREW PERRY, individual capacity,
TOM PAAR, individual capacity,
EVY SAHLI, individual capacity,
EFREN HERNANDEZ, individual capacity,
TINA WILLIAMS, individual capacity,
STEPHEN DEAN, individual capacity,
DAVE MITCHELL, individual capacity,
CRAIG BAGEMIHL, individual capacity,
CITY OF LAS VEGAS, NEVADA,
EDWARD BUTLER, individual capacity,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    By the Order of Reference dated June 19, 2012, this civil action was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). (See Doc. # 3). The court incorporates by reference the discussion it conducted with Plaintiff at the Status Conference held on August 7, 2012. The court has reviewed the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

    On August 8, 2012, the court struck the Complaint without prejudice to Plaintiff amending his pleading. (See Doc. # 23). The court directed Plaintiff to submit on or before

1

August 29, 2012 an Amended Complaint that complies with the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, and the court's Order. (*See id.*). The court instructed that:

> [t]he Amended Complaint must be submitted on the court's form and shall be titled 'Amended Complaint.' The Defendants shall be clearly identified. The background statement shall briefly summarize Plaintiff's case. Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. The Complaint shall not contain conclusory allegations.

(*See* Doc. # 23). The court advised Plaintiff that failure to comply with the Order may result in a Recommendation to District Judge Arguello that this civil action be dismissed. (*See id.*). With the Order, the court provided Plaintiff a copy of the court's complaint form. (*See* Doc. # 23 at 5 of 5). To date, Plaintiff has not filed an Amended Complaint or sought an extension of time from the court.

On September 7, 2012, Plaintiff filed his objections to the court's orders dated August 7 and 8, 2012. (*See* Doc. # 24). Whether Plaintiff's objections are considered directed to a dispositive or nondispositive matter, Plaintiff's objection was untimely filed. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Plaintiff has failed to comply with the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, and the court's Order, and failed to prosecute this action. Plaintiff has not timely filed an amended pleading. Plaintiff's objections to the court's orders dated August 7 and 8, 2012 were untimely filed. Therefore, this civil action may be dismissed with or without prejudice.

*See AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks and citation omitted) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court."); *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted). Here, the court recommends dismissal without prejudice. The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted). Plaintiff has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. The court is not convinced that it is required to *sua sponte* identify and apply the limitations periods or tolling provisions applicable to Plaintiff's claims.

Accordingly,

IT IS RECOMMENDED that this civil action be dismissed without prejudice for Plaintiff's failure to comply with the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado, and a court order,

failure to prosecute this action, and failure to timely file his objections or an amended pleading.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see,*

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 4th day of October, 2012.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge