**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01507-CMA-CBS

BRADFORD JOHN CONDE BILLINGER,

      Plaintiff,

v.

JOHN DOE AND JANE DOE NUMBER 01-36, individual capacity,
PEARL CHANG, Individual capacity,
BURT RIZZO, Individual capacity,
MARK PHILLIPS, Individual capacity,
RODGER PITCAIRN, Individual capacity,
MICHAEL AYTES, Individual capacity,
ANDREW PERRY, Individual capacity,
TOM PAAR, Individual capacity,
EVY SAHLI, Individual capacity,
EFREN HERNANDEZ, Individual capacity,
TINA WILLIAMS, Individual capacity,
STEPHEN DEAN, Individual capacity,
DAVE MITCHELL, Individual capacity,
CRAIG BAGEMIHL, Individual capacity,
CITY OF LAS VEGAS, NEVADA, and
EDWARD BUTLER, Individual capacity,

      Defendants.

---

**ORDER ADOPTING AND AFFIRMING OCTOBER 4, 2012
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

      This case was referred to United States Magistrate Judge Craig B. Shaffer,

pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  On October 4, 2012, the

Magistrate Judge issued a Recommendation, in which he recommended that this

case be dismissed without prejudice.  (Doc. # 33.)

On August 8, 2012, the Magistrate Judge issued an order, striking Plaintiff's original Complaint (Doc. # 1) and ordering Plaintiff to submit an amended complaint by August 29, 2012.  (Doc. # 23.)  The Magistrate Judge advised Plaintiff that failure to comply with his Order "may result in a Recommendation . . . that this civil action be dismissed."  (Doc. # 23 at 5.)  Despite this warning, Plaintiff did not file an amended complaint.  Thus, the Magistrate Judge recommends dismissing this action without prejudice for failure to prosecute.

On October 17, 2012, Plaintiff, proceeding *pro se*,[1] filed timely objections to the Recommendation.  (Doc. # 34.)  When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*  Accordingly, the Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Recommendation, and Plaintiff's Objection to the Recommendation.

As the Magistrate Judge found, Plaintiff's Complaint (Doc. # 1) does not comply with the Federal Rules of Civil Procedure or the Local Rules of Practice for the United

---

[1]  Because Plaintiff is proceeding *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

States District Court for the District of Colorado.  (*See* Doc. # 23 at 3-4) (identifying various deficiencies in Plaintiff's Complaint).  The Magistrate Judge expressly ordered that Plaintiff "shall have until Wednesday, August 29, 2012, to submit an Amended Complaint."  (Doc. # 23 at 4.)  Not only did Plaintiff fail to submit an Amended Complaint by August 29, 2012, Plaintiff has still failed to submit an Amended Complaint as of the date of this Order.

In his Objection, Plaintiff fails to raise any new issues of law or fact that would warrant a conclusion different from the one reached by the Magistrate Judge.  Although Plaintiff raises a myriad of irrelevant issues, he offers no explanation of why he has failed to submit an amended complaint, as ordered by the Magistrate Judge.  As such, the Court agrees that this case should be dismissed for failure to prosecute and for failure to comply with a court order.  *See AdvantEdge Bus. Grp. V. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks and citation omitted) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or procedural rules."); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court.").  Because it is possible that Plaintiff may amend his complaint so as to state a claim upon which relief may be granted, the Court agrees with the Magistrate Judge that dismissal should be without prejudice.  *See Brereton v. Bountiful City Corp.*,

3

434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim . . . and granting leave to amend would be futile.").

Based on the Court's *de novo* review, this Court concludes that Magistrate Judge Shaffer's Recommendation is correct.  Therefore, Plaintiff's Objections are OVERRULED and the Court hereby ADOPTS the Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.

Accordingly, it is ORDERED that this case is DISMISSED WITHOUT PREJUDICE.

DATED:  October __31__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

4